J-A06008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS ENRIQUE SOTO | : | |
| | : | |
| Appellant | : | No. 793 MDA 2018 |

Appeal from the Judgment of Sentence April 13, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001464-2017

BEFORE:   OTT, J., NICHOLS, J., and PELLEGRINI*, J.

CONCURRING MEMORANDUM BY NICHOLS, J.:     **FILED AUGUST 16, 2019**

I agree that the trial court properly denied Soto's motion to suppress evidence obtained following the execution of the search warrant. I write separately to emphasize that the totality of circumstances presented to the magistrate provided probable cause.

"Reasonable minds frequently may differ on the question [of] whether a particular affidavit establishes probable cause, and we have thus concluded that the preference for warrants is most appropriately effectuated by according 'great deference' to a magistrate's determination." **Commonwealth v. Jones**, 988 A.2d 649, 656 (Pa. 2010) (quoting **United States v. Leon**, 468 U.S. 897, 914 (1984)). "As our United States Supreme Court stated: 'A grudging or negative attitude by reviewing courts towards warrants . . . is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; courts should not invalidate

_____
* Retired Senior Judge assigned to the Superior Court.

warrants by interpreting affidavits in a **hypertechnical**, rather than a commonsense, manner.'" *Id.* at 655-56 (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)) (emphasis added).

Here, the dissent analyzes the description of the images on the computer files, which is contained in paragraph 29 of the affidavit of probable cause. The dissent contends that "nothing in the affidavit suggests that the images were intended for an illicit purpose," and "the Affiant's description of 'teenage girls' does not specify that the individuals in the photos were below the age of 18." Dissenting Mem. at 3, 4. Because copies of the image were not attached to the affidavit, the dissent asserts that "the magistrate's probable cause determination could have only been based on the Affiant's opinion that the images were illegal." *Id.* at 5. I believe the dissent engages in the type of "hypertechnical" interpretation discouraged by the United States Supreme Court. *See Jones*, 988 A.2d at 655-56.

In evaluating the totality of circumstances presented to the magistrate, I note that the affiant, Detective Yarnell, has been a police officer since 2009 with experience investigating offenses including rape, child abuse, and child sex assault. *See* Affidavit of Probable Cause at ¶ 7. During the investigation, Detective Yarnell received information from Detective Wahl, a police officer since 1982 with training in the sexual abuse of children and the use of the Internet in the exploitation of children. *Id.* at ¶ 10.

These detectives downloaded files from a network frequently used in the trading of child pornography. *Id.* at ¶ 19. The files were associated with an

IP address linked to Soto. *Id.* at ¶ 35. The detectives viewed the files. Based on their experience and training, the detectives concluded that the files depicted child pornography as defined by the Crimes Code. *Id.* at ¶¶ 28, 29.

As the majority notes, "the affiant's description of the pornographic images could have been more detailed." Majority Mem. at 9. Nevertheless, under the standards of "practicality" and "common-sense" that guide issuing authorities, a substantial basis existed for the magistrate to find probable cause. *See Commonwealth v. Koehler*, 914 A.2d 427, 434-35 (Pa. Super. 2006) (concluding that the appellant was not entitled to relief on his claim that the application for a search warrant was defective where it identified the contraband merely as nude photographs of minors; under the totality of the circumstances, the magistrate properly concluded that the photographs were "for the purpose of sexual stimulation or gratification of any person who might view such depiction," where the affiant, an experienced detective in the sex crimes unit, viewed the photographs and determined that a warrant was necessary to complete the investigation).

Accordingly, I concur with the majority.